444

DWIGHT G. CARTER BY DAVID CARTER, HIS NEXT FRIEND, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1935.*

DWIGHT G. CARTER BY DAVID CARTER, HIS NEXT FRIEND, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Dwight G. Carter, injured in the Pana military bus-fire accident on July 26, 1933, has filed his claim pro se for such award as the judgment of this court may consider of merit.

Claimant was a member of the Howitzer Co. 130th Inf., I. N. G. The Medical Board in this, as in the other cases growing out of the accident, made findings at various times, the last of which was on August 8, 1934, at which time they found claimant had suffered permanent partial disability of ten per cent (10%). This disability was the result of burns and injuries to his left shoulder, hand and right leg. The backs of both his hands were burned, the inside of the left hand, the right leg was burned and he suffered a strain in the left shoulder. The sides of his face, neck and ears were burned, but no serious scars appear to have resulted therefrom. Claimant was engaged in farming prior to the accident; is unmarried and makes his home with his father and mother. He was farming for himself, owned his own horses and rented land from a neighbor. He has signed and filed herein his approval of the medical board's finding of permanent partial disability of ten per cent (10%), as determined by the board in its examination of August 8, 1934. The records show that he had been paid through the Adjutant General's office Four Hundred Twenty-eight Dollars ($428.00), from July 25, 1933, to February 26, 1934, and that the State had also paid for him, or assumed the obligations of, medical and hospital fees amount-

ing to Two Hundred Eighty-three and 85/100 Dollars ($283.85).

There is nothing in the record to indicate what claimant's earnings were during the year immediately prior to the accident.

If plaintiff was making his claim as an employee the amounts previously paid him would exceed any allowance due him under the Workmen's Compensation Act. We believe the court is justified, however, in disregarding the payments heretofore made in considering the ten per cent (10%) permanent partial disability. Such disability will be figured upon the basis of the minimum provided by the Workmen's Compensation Act in case of death, i. e. ten per cent (10%) of Two Thousand Five Hundred Dollars ($2,500.00), or Two Hundred Fifty Dollars ($250.00)—*and an award is therefore made to claimant in the sum of two Hundred Fifty Dollars ($250.00);* same to be in addition to any payments heretofore made, and it is further ordered that any payments heretofore approved shall be discontinued, upon the issuance of a warrant in payment of this award.